IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT NASLANIC,

    Plaintiff,

v.                        3:15-CV-02208
                          (JUDGE MARIANI)
INVESTIGATOR MUSTO, et al.,

    Defendant.

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is a Report and Recommendation ("R&R") (Doc. 93) by Magistrate Judge Carlson, in which he recommends that Defendant Leonard Musto's Motion for Summary Judgment (Doc. 69) be denied without prejudice to renewal upon a more complete factual record. Defendant Musto timely filed Objections to the R&R. (Docs. 96, 97).

As explained by Magistrate Judge Carlson, "[i]n its current form, the case involves a Fourth Amendment false arrest/malicious prosecution claim leveled by Robert Naslanic, who is now proceeding *pro se*, against defendant Musto, and a Scranton police officer, Jason Gula." (Doc. 93, at 1).

The R&R sets forth several material disputes of fact which it states preclude summary judgment for Musto. Specifically,

> we cannot ascertain from this incomplete factual record: (1) whether Naslanic was, in fact, acting as a police informant at the time of the events charged

against him; (2) whether Naslanic reported to Investigator Musto in August of 2011 that he was acting as a police informant; (3) whether Investigator Musto took any steps to investigate this exculpatory information allegedly provided by Naslanic; or (4) whether Investigator Musto ever reported Naslanic's claim to the prosecutors in this case

(Doc. 93, at 3-4). Otherwise stated, "there are fundamental, and unresolved, factual disputes regarding whether Naslanic was a police informant; whether he disclosed this fact to Musto; and whether Musto failed to act upon this disclosure." (*Id.* at 16). The Court agrees with the Magistrate Judge that these fundamental disputed material facts would otherwise preclude summary judgment for Musto. However, one material fact not discussed in the R&R is fatal to Plaintiff's case and renders the disputed nature of the other factual issues irrelevant: Plaintiff's judicial admission that Timothy Doherty, the lead prosecutor in the state criminal action against Naslanic, was also told in August, 2011, that Naslanic was a confidential informant for the police.

Thus, upon *de novo* review, the Court will sustain Defendant Musto's Objections and grant his motion for summary judgment.

## II. ANALYSIS

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Here, Defendant Musto acknowledges that the R&R is correct in many respects, including that the R&R:

- "correctly sets forth the elements of a Fourth Amendment malicious prosecution claim";

- "rightly discusses the element of probable cause" and "that a court must consider the totality of the circumstances presented";

- "correctly conclude[s] that there could be no viable claim for malicious prosecution stemming from the initiation of criminal proceedings"; and

- "accurately concludes that for Plaintiff to succeed on [the Fourth Amendment malicious prosecution claim], he must demonstrate all of the following: 'First, that he was in fact acting as a police informant when he committed the acts charged against him; second, that he disclosed this fact to Investigator Musto; third, that this truthful disclosure was exculpatory information; and fourth, that Investigator Musto failed to act upon or disclose this exculpatory information.'"

(Doc. 97, at 3-5).

However, while acknowledging the accuracy of these findings, Defendant objects to the R&R in that it purportedly "erred as it overlooked critical and dispositive admissions by Plaintiff", specifically that Plaintiff admitted that he told Attorney Doherty, the lead prosecutor

3

in the criminal action, that Naslanic was a confidential informant for the police in the same meeting during which Musto was allegedly given this information.[1] In particular Defendant points to Plaintiff's allegation in his Amended Complaint that "[i]n or around August 2011, Plaintiff and his defense counsel approached Defendants Musto, Gula, and Doherty, and informed them that, in regards to the offenses with which he was charged, he was acting as a confidential informant. . . ." (Doc. 47, at ¶ 23). Thus, as summarized by Musto in his objections, "since Doherty was in the meeting and heard the same information, there is no constitutional requirement that Musto keep reminding him of this information and any decision to continue with the prosecution certainly is not Musto's to make." (Doc. 97, at 10).

The Third Circuit has repeatedly made clear that a fact expressly conceded in a complaint constitutes a judicial admission and is binding on the plaintiff. *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 181 (3d Cir. 2008) ("Although [Plaintiff]'s attempt to salvage its unjust enrichment claim now requires that it take a contrary position, the allegation in the amended complaint is a binding judicial admission."); *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 211 n. 20 (3d Cir. 2006) ("Judicial admissions are concessions in pleadings or briefs that bind the party who makes them."); *Parilla v. IAP Worldwide Serv., VI, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004) ("Judicial admissions are formal concessions in the pleadings, or stipulations by the party or its counsel, that are binding

---

[1] For purposes of his objections to the present R&R, Defendant states that he "does not contest the other conclusions of Magistrate Judge Carlson that fact disputes may exist as to other elements of Plaintiff's claim. . . ." (Doc. 97, at 6 n. 5). The Court agrees that Magistrate Judge Carlson has properly set forth the numerous issues of fact that remain in this action and that those factual issues may have otherwise precluded the grant of summary judgment.

4

upon the party making them."). *See also, e.g., Mason v. Range Resources-Appalachia LLC*, 120 F.Supp.3d 425, 443 (W.D. Pa. 2015).

"The scope of judicial admissions is restricted to matters of fact which otherwise would require evidentiary proof." *Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972). Thus, for a judicial admission to be binding on a party, the admission must be a statement of fact that requires evidentiary proof, not a statement of legal theory, and that statement must be unequivocal. *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 377 (3d Cir. 2007) (citing *Glick*, 458 F.2d at 1291); *see also, Elec. Mobility Corp. v. Bourns Sensors/Controls, Inc.*, 87 F.Supp.2d 394, 405 (D.N.J. 2000) (collecting cases).

As explained by another District Court in this Circuit,

> Because a complaint is intended to summon the resources of the court, and given the responsibility placed on parties to ensure that claims filed with the court are properly based on fact, a party's pleadings are viewed with solemnity. *See, e.g., Giannone v. U.S. Steel Corp.*, 238 F.2d 544, 547(3d Cir. 1956) (pleadings are supposed to be factual rather than fictional). Given the seriousness of pleadings, and to "preserv[e] the integrity of the courts by preventing litigants from playing fast and loose with the courts" in offering intentional self-contradictions, factual assertions made in pleadings are binding on the party asserting the fact, absent a later amendment. *Cf., Chaffee v. Kraft General Foods, Inc.*, 886 F.Supp. 1164, 1169 (D.N.J. 1995) (discussing judicial estoppel). Thus, facts asserted in pleadings may be regarded as "judicial admissions" which are binding on the party asserting them for the purpose of that case and any later appeal and which do not have to be later proven. . . .

*Sobratti v. Tropical Shipping and Const. Co., Ltd*, 267 F.Supp.2d 455, 462-463 (D.V.I. 2003).

> Therefore, where a party offers deliberate, clear and unequivocal facts in a complaint, those assertions are binding on the party and have the effect of

5

withdrawing a factual issue from contention. *See, Glick v. White Motor Co.*, 458 F.2d 1287 (3d Cir. 1972); *see, also*, 10A CHARLES A. WRIGHT AND ALAN R. MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 2722, 2723(1998). Hence, a party is precluded from retreating from a factual claim, which he affirmatively asserted in support of his cause of action, simply to avoid summary judgment. *See, e.g., Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105 (5th Cir. 1987)(granting summary judgment based on assertions in pleading, despite plaintiff's effort to recant by later affidavit an issue of fact that would have resulted in dismissal of the claim based on statute of limitations); *Schott Motorcycle Supply, Inc. v. American Honda Motor Co.*, 976 F.2d 58, 61 (1st Cir. 1992)(granting summary judgment where pleadings offered facts establishing contract issue, despite plaintiff's later arguments to the contrary); *But see,* FED. R. CIV. P. 8(e)(permitting different theories to be pled in the alternative). The import of this judicial rule is that, "a party can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." *See,* 30B WRIGHT AND MILLER § 7026 (2000).

*Id.*

As noted by the Magistrate Judge, "Naslanic's false arrest/malicious prosecution claim rests upon an alleged failure by Musto to act when intervening events vitiated probable cause." (Doc. 93, at 15). Magistrate Judge Carlson properly set forth the law which forms the basis of Musto's responsibility to disclose exculpatory information in order to avoid § 1983 liability. Quoting from the Third Circuit's opinion in *Yarris v. County of Delaware*, the R&R states:

> However, "the Brady duty to disclose exculpatory evidence to the defendant applies only to a prosecutor." *Gibson v. Superintendent of N.J. Dep't of Law & Public Safety–Div. of State Police*, 411 F.3d 427, 442 (3d Cir. 2005). Nonetheless, "police officers and other state actors may be liable under § 1983 for failing to disclose exculpatory information to the prosecutor." *Id.* at 443; see also *McMillian v. Johnson*, 88 F.3d 1554, 1567 (11th Cir. 1996) ("Investigators satisfy their obligations under *Brady* when they turn exculpatory and impeachment evidence over to the prosecutors."); *Walker v. City of New York*, 974 F.2d 293, 299 (2d Cir. 1992) ("[T]he police satisfy their

6

obligations under Brady when they turn exculpatory evidence over to the prosecutors.").

(Doc. 93, at 14)(quoting *Yarris v. Cnty. of Delaware*, 465 F.3d 129, 141 (3d Cir. 2006)). As a result of this well-established law, it is clear that Defendant Musto cannot be held liable for malicious prosecution if it has been established that Attorney Doherty, the lead prosecutor in the criminal action against Naslanic, was aware of Naslanic's claim that he was a confidential informant for the police.

Here, Plaintiff's Amended Complaint, filed by his counsel at the time, sets forth several allegations that support Defendant's objection. Of particular note are Plaintiff's allegations that "Doherty was the lead prosecutor on the case for Defendant Attorney General" and that "[i]n or around August 2011, Plaintiff and his defense counsel approached Defendants Musto, Gula, *and Doherty*, and informed them that, in regards to the offenses with which he was charged, he was acting as a confidential informant. . . ." (Doc. 47, ¶¶ 23, 24) (emphasis added).[2]

---

[2] The Court is compelled to note that the Amended Complaint, which sets forth these allegations, was not filed *pro se*, but rather by counsel. The pleading is therefore not entitled to any liberal interpretation that the Court might otherwise feel was necessary. The allegations placed in the Amended Complaint are signed by counsel and subject to Fed. R. Civ. P. 11, requiring in relevant part that "the factual contentions [in the pleading] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation. . . ." If the allegation in the Amended Complaint is untrue and Attorney Doherty was purportedly not told in August, 2011, that Naslanic was a confidential informant, counsel had a duty to immediately request leave to amend the pleading in order to correct this factual error.

7

Although the Amended Complaint presents the only factual allegation that Doherty was present at the August, 2011, meeting,[3] the Court must nonetheless accept that factual allegation as a judicial admission. The allegation constitutes an unequivocal statement of fact and binds the Plaintiff to that concession. As such, Defendant Musto is not required to come forward with any evidentiary proof to support his assertion that this material fact is undisputed; it must be considered to have been admitted by Naslanic.[4]

---

[3] In his Declaration, Plaintiff asserts that "[i]n August of 2011, I had a Proffer meeting with Leonard Musto, Jason Gula, and my criminal defense attorney Chris Jones present." (Doc. 78, at ¶ 4; Doc. 81, at ¶ 4). There is no mention of Doherty, or any other prosecutor being present during the meeting. Furthermore, in response to Defendant's statement of material facts (Doc. 72), Plaintiff specifically states that "[o]nly the two defendants were in attendance [at the August 2011 meeting] as there was no prosecuting attorney present at this Proffer meeting" (Doc. 85, at ¶ 20).

Although the allegation in Plaintiff's Amended Complaint that "[i]n or around August 2011, Plaintiff and his defense counsel approached Defendants Musto, Gula, and Doherty, and informed them that, in regards to the offenses with which he was charged, he was acting as a confidential informant" (Doc. 47, at ¶ 24), does not necessarily indicate that Doherty was told at the *same* meeting that Plaintiff refers to in his declaration or statement of material facts, it does unequivocally state that Doherty was informed in August, 2011, that Naslanic was a confidential informant. Thus, Musto cannot be held liable for malicious prosecution for any actions taken by the prosecution after August, 2011.

Additionally, as previously explained, regardless of Plaintiff's current assertions, "a party is precluded from retreating from a factual claim, which he affirmatively asserted in support of his cause of action, simply to avoid summary judgment," *Sobratti*, 267 F.Supp.2d at 463.

[4] A "judicial admission may be withdrawn by amendment, *West Run Student Housing Associates, LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013), but can still be used as substantive evidence of the factual allegations contained therein, *Giannone v. U.S. Steel Corp.*, 238 F.2d 544, 547 (3d Cir.1956)." *Karoly v. Schwab*, 516 B.R. 49, 55 (M.D. Pa. 2014). Here, two months after Defendant Musto filed his motion for summary judgment, Plaintiff filed a motion for leave to file another amended complaint, which the Court denied (*see* Doc. 102). However, even if the Court had allowed amendment, the new complaint would not help Naslanic. In the proposed amended complaint (Doc. 90), Naslanic does not specifically allege that he ever told Musto that he was a confidential informant. Rather, Naslanic only alleges that he had a proffer meeting with defendants Musto and Gula and then broadly states that "these defendants willfully ignored information which clearly exonerated Plaintiff . . ." (Doc. 90, at ¶¶ 27, 28). The Court would have to make impermissible, broad inferential leaps in order to find that these allegations amount to an assertion that Musto was informed in August, 2011, that Naslanic was a confidential informant.

Further, the judicial admission in the counseled amended complaint that prosecuting attorney Doherty was informed by Plaintiff that he was a confidential informant does not present an allegation of fact different than that alleged by the plaintiff in his original complaint, filed *pro se*. In his original complaint,

While the Court is compelled to overrule the pending R&R, it is entirely due to an argument that was not set forth with the kind of singularity within the motion for summary judgment before the Magistrate Judge as it now is before this Court. Were it not for Naslanic's judicial admission, the Court would otherwise agree with Magistrate Judge Carlson's well-reasoned analysis setting forth the numerous undeveloped material issues precluding summary judgment at this time. However, Naslanic's Amended Complaint precludes Plaintiff from now arguing that Doherty was not told in August, 2011, that Naslanic was a confidential informant. Therefore, even accepting as true that Naslanic was, in fact, a police informant, that Musto was told about Naslanic's status in August, 2011, and that Musto did not investigate or otherwise act upon this information, Musto cannot be held liable for not disclosing exculpatory evidence of which the prosecutor was also made aware at or about the same time.

---

Naslanic alleged that Defendants Musto and Gula were "obviously unaware at the time [of Plaintiff's arrest] that Plaintiff was working for Defendant Golden" and that "[i]n August of 2011, information was proffered by Plaintiff and his legal counsel . . . to investigating officers, Defendants Musto and Gula of Plaintiff's involvement at Defendant Golden['s] request." (Doc. 1, at ¶ 21). The Complaint next states that "[d]espite the above described revelation, Defendant Pennsylvania Deputy Attorney General Timothy Doherty, and Defendant Lackawanna County Assistant District Attorney Shane Scanlon continued to prosecute Plaintiff knowing Plaintiff was at the time working as an agent and/or confidential informant for Defendant Golden at the time." (*Id.* at ¶ 22). These allegations by Plaintiff are reasonably read to state that Doherty was aware in August, 2011, that Naslanic was a confidential informant. Naslanic's prior admissions in his original *pro se* complaint provide further substantive evidence of the factual allegations contained therein, namely that Doherty was aware in August, 2011, the same month as Musto, that Naslanic was working for the police.

## III. CONCLUSION

For the reasons set forth above, upon *de novo* review of the R&R, the Court will sustain Defendant Musto's objections and overrule Magistrate Judge Carlson's recommendation that Defendant's motion for summary judgment be denied.

Robert D. Mariani
United States District Judge