# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT NASLANIC,** | : | Civil No. 3:15-CV-2208 |
| **Plaintiff,** | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| **WILLIAM GOLDEN, et al.,** | : | (Magistrate Judge Carlson) |
| **Defendants.** | : | |

## MEMORANDUM ORDER

This case has been referred to the undersigned for further pretrial management and comes before us for consideration of two motions filed by the plaintiff, who has proceeded *pro se* in this case: A motion for the appointment of counsel, (Doc. 98), and a motion to enlarge the time for discovery. (Doc. 103.)

Turning first the Naslanic's motion for appointment of counsel, (Doc. 98), we appreciate the plaintiff's interest in securing court-appointed counsel, but also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is

discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such requests we must first:

> "[D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf."

Parham v. Johnson, 126 F.3d at 457. There is yet another practical consideration which must be taken into account when considering motions for appointment of counsel. As the United States Court of Appeals for the Third Circuit has aptly observed:

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

Mindful of this consideration it has been "emphasize[d] that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: 'Volunteer lawyer time is a precious commodity.... Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.' Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir.1989)." Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at this time. We are still in the process of evaluating the merits of Naslanic's claims, but are constrained to note that numerous claims and parties have been dismissed. It is also a matter of record in this case, and is conceded by Naslanic, that the plaintiff has frequently had an adversarial relationship with the counsel who have assisted him in the past in this litigation, and has found himself separating from two law firms that have endeavored to aid him in this lawsuit. These past difficulties with two prior counsel strongly suggest that Naslanic has his own vision of this litigation and should be allowed to pursue that vision untrammeled by any contrary views from counsel. Further, Naslanic's performance as his own counsel in this matter has shown that

he is fully capable of presenting his claims in an effective fashion. Finally, the allegations in this case are not unduly complex, likely do not entail complex expert witness testimony and Naslanic has displayed a familiarity with the factual background to this litigation.

Taking all of these factors into account we DENY this request to appoint counsel, without prejudice to renewal of this motion at some later date. (Doc. 98.)

As for Naslanic's motion for extension of time, (Doc. 103), we will GRANT this motion and set the following pretrial schedule in this case:

**1. COUNSEL AND <u>PRO</u> <u>SE</u> LITIGANTS ARE RESPONSIBLE FOR READING THIS ENTIRE ORDER.**

**2. <u>Schedule</u>**. The following deadlines, described in greater detail throughout this order, have been established for this case, and may not be modified by the parties. Motions to modify or extend the deadlines established here shall be made before expiration of the time limits has passed. **<u>All requests for extensions of discovery deadlines must be made at least thirty (30) days prior to the expiration of the discovery period.</u> Motions will be granted only on a showing of good cause**.

Consent to Proceed Before U.S. Magistrate: **January 15, 2018**

| | |
|---|---|
| Close of Discovery: | **January 15, 2018** |
| Dispositive Motions and Supporting Briefs Due: | **January 15, 2018** |
| Local Rule 16.3 Conference and Exchange of Proposed Jury Instructions: On or before: | **To Be Determined By Trial Judge** |
| Motions In Limine Due: | **To Be Determined By Trial Judge** |
| Pretrial Memoranda Due: | **To Be Determined By Trial Judge** |
| Proposed Jury Charge, Proposed Voir Dire Questions, Objections to Proposed Jury Charge, and Trial Brief Due: | **To Be Determined By Trial Judge** |
| Trial: | **To Be Determined By Trial Judge** |

**3. <u>Consent</u>.** The parties may consent to have a magistrate judge conduct all proceedings. On or before **January 15, 2018** the parties, if there is consent of all,

shall file a consent form, signed by all counsel and the plaintiff, consenting to proceed under 28 U.S.C. § 636 before a magistrate judge.

**4. Discovery Deadline**. All discovery shall be planned and commenced so as to be completed by **January 15, 2018**.

**5. Discovery Limitations.** In the absence of mutual consent to exceed these limits or a court order, the maximum number of interrogatories per side shall be twenty five (25); the maximum number of document production requests per side shall be twenty five (25); and the maximum number of requests for admissions per side shall be twenty-five (25).

**6. Discovery-Related Motions**. Any discovery-related motion shall be filed on or before **December 18, 2017** . Because the plaintiff is proceeding *pro se* and is in custody, compliance with Local Rule 26.3, Rules of Court, M.D. Pa., is not required in this case.

**7. Dispositive Motions.** Dispositive motions may be filed at any time but all dispositive motion must be filed, as well as the supporting briefs, on or before **January 15, 2018**.

Any requests to alter this schedule should be made by written motion.

So ordered this 2d day of October, 2017.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge